UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

ARTHUR QUENTICE JONES )
)
v. ) 1:04-cv-324/1:01-cr-8
) *Edgar*
UNITED STATES OF AMERICA

**MEMORANDUM**

Arthur Quentice Jones ("Jones"), has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Court File No.1]. For the reasons which follow, the Court has determined a hearing is not necessary and concludes that the § 2255 motion lacks merit and will be **DENIED**. Jones is not entitled to relief under § 2255.

**I.   Procedural Background**

On January 10, 2001, a United States grand jury sitting for the Eastern District of Tennessee, Chattanooga Division, returned a fifteen-count indictment charging Jones with various drug trafficking offenses. Jones was charged in Count One through Count Four and Count Six through Court Fifteen with distributing cocaine base, on fourteen different dates, in violation of 21 U.S.C. § 841(a)(1). In Count Five, Jones was charged with possessing cocaine base with the intent to distribute on January 3, 2000, in violation of Title 21 U.S.C. § 841(a)(1).

On March 14, 2001, a notice of intent to use prior convictions to enhance punishment was filed by the United States Attorney's Office. Jones exercised his right to trial which began on March 15, 2001. On March 16, 2001, a jury convicted him on Counts Two through Fifteen.

On July 13, 2001, Jones was sentenced to a total term of 262 months imprisonment on Counts Two through Fifteen–262 months on each Count to be served concurrently. The Court also imposed a term of 6 years supervised release on each Count to be served concurrently. Jones

1

pursued a direct appeal. Jones' convictions and sentences were affirmed on direct appeal and a petition for writ of *certiorari* was denied on October 6, 2003. *United States v. Jones*, 2003 WL 1949611, at *1-2 (6th Cir. Apr. 23, 2003), *cert. denied*, 540 U.S. 913 (2003). Jones' § 2255 motion raising two alleged instances of ineffective assistance of counsel was timely filed on or about October 4, 2004.

## II.     Standard of Review

This Court must vacate and set aside the sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . ." 28 U.S.C. § 2255. Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveals the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the Court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted)(§ 2254 case); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); see also *United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994)(applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F.2d 1039, 1041 (6th Cir.), *cert. denied*, 439 U.S. 988 (1978). To warrant relief for a nonconstitutional error requires a showing of a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996).

Further, a § 2255 motion is not a substitute for a direct appeal and it cannot do service for an appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998); *United States v. Timmreck*, 441 U.S. 780, 784 (1979); *Grant v. United States*, 72 F.3d at 506; *United States v. Walsh*, 733 F.2d 31, 35 (6th Cir. 1984). Thus, Jones cannot use a § 2255 motion to litigate the issues that should have been presented and decided on direct appeal unless cause is shown for the tardy challenge and "actual prejudice" resulting from the error is demonstrated, *United States v. Frady*, 456 U.S. 152, 167-68 (1982), or Jones shows that he is actually innocent of the crime. *See Bousley v. United States*, 523 U.S. at 622. Issues which are presented and considered on direct appeal cannot be litigated again in a § 2255 proceeding absent exceptional circumstances or an intervening change in the law. *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999); *Jones v. United States*, 178 F.3d 790, 796 (6th

Cir.), *cert. denied*, 528 U.S. 933 (1999); *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996); *DuPont v. United States*, 76 F.3d 108, 110-11 (6th Cir. 1996).

### III. Facts

The following pertinent facts are taken from the PSR prepared by the United States Probation Office:

20. In December of 1999, officers of the 12th Judicial Drug Task Force targeted **Mr. Jones** as a supplier of crack cocaine in the community of South Pittsburg, Tennessee. Using a Confidential Informant (CI), officers made a series of cocaine base buys from the **defendant.**

21. The first controlled buy occurred on December 16, 1999. Officers equipped the CI with a recording device, and allowed the CI to meet with the **defendant** at a predetermined location. During this meeting, the CI bought **.2 grams** of cocaine base from the **defendant** (lab tested).

22. From December 16, 1999, through May 30, 2000, officers, using the CI, made a number of other controlled buys of cocaine base from the **defendant**. Each transaction took place in a similar manner as depicted in the previous paragraph, and all amounts purchased during these controlled buys were lab tested for type of substance and weight. All drugs bought tested as cocaine base. The weights and dates of the controlled buys are as follows:

| Date | Amount |
|---|---|
| December 19, 1999 | .1 gram |
| December 29, 1999 | .1 gram |
| December 31, 1999 | .1 gram |
| January 17, 2000 | .3 grams |
| January 23, 2000 | .3 grams |
| January 29, 2000 | .4 grams |
| January 31, 2000 | .4 grams |
| February 4, 2000 | .8 grams |
| February 6, 2000 | .4 grams |
| February 10, 2000 | .3 grams |
| February 29, 2000 | .1 gram |
| May 5, 2000 | 1.1 grams |
| May 30, 2000 | .7 grams |

23. Also, on January 3, 2000, deputies of the Marion County Sheriff's Office observed the **defendant** in an area of South Pittsburg, Tennessee known for its drug activity. As deputies approached the **defendant** for questioning, Mr. Jones threw a

bottle from his person. Deputies recovered the bottle which contained **2.6 grams** of cocaine base (lab tested).

24. Each time the defendant was arrested he had cash on him. Amounts varied from $100 to sometimes over $500. These monies could be considered proceeds of the defendant's drug trafficking activities, since he has been unemployed for the past ten years. However, his family has been giving him money, and in an effort to be fair, the monies should not be converted into a drug equivalent for guideline purposes. Counting the money would not have impacted the defendant's sentence in this case anyway. The **defendant** explains that these monies were given to him by family. The money seized in this case does not really impact the sentence in this case and will not be converted to a cocaine base equivalent for guideline purposes. Only the cocaine base confiscated from the **defendant** will be used. The total amount attributable to the defendant in this case equates to **7.9 grams**.

PSR at 4-5.

At the July 13, 2001 sentencing hearing, applying the Career Offender enhancement under § 4B1.1, the Court found that defendant's criminal history category was VI. Jones' total offense level as a career offender was 34. Jones' offense level of 34, combined with his criminal history category of VI, resulted in a sentencing range of 262 to 327 months imprisonment. The defendant was sentenced to 262 months of imprisonment, to be followed by six (6) years of supervised release.

**IV.   Analysis**

Jones' § 2255 motion to vacate contains two alleged instances of ineffective assistance of counsel based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and its progeny–*Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005).

   **A.   Ineffective Assistance of Counsel**

Jones submits two claims of ineffective assistance of counsel which the Court will address separately as sub-claims under the claim of ineffective assistance of counsel. To establish ineffective assistance of counsel Jones must demonstrate, as established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), two essential elements: (1) counsel's performance

5

was deficient, *i.e.*, below the standard of competence demanded of attorneys in criminal cases; and (2) counsel's deficient performance prejudiced the defense, *i.e.*, deprived the defendant of a fair trial rendering the outcome of the trial unreliable. *Id.* at 687-88; *see also Flippins v. United States*, 808 F.2d 16, 17-18 (6th Cir.), *cert. denied*, 481 U.S. 1056 (1987).

The standard by which a court reviews counsel's performance is highly deferential, and there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689; *Sims v. Livesay*, 970 F.2d 1575, 1579-80 (6th Cir. 1992). To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), Jones must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id.* at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

In his § 2255 motion, Jones raises two claims against counsel. First, Jones complains that counsel failed to object to the imposition of the career offender enhancement pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1 which was neither charged in the indictment nor admitted by him. Specifically, Jones contends the career offender enhancement was a violation of his 5th and 6th Amendment rights under the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Second, Jones claims counsel was ineffective when, in violation of the rule announced

in *Apprendi*, he failed to object to the drug quantities which were not charged in the indictment or admitted by Jones. The Court will address these sub-claims separately below.

  **1.**  *Career Offender Enhancement*

  Jones asserts his counsel was ineffective for failing to object to the imposition of the career offender enhancement based upon judge-found facts. Relying on *Apprendi v. New Jersey,* 530 U.S. at 490 (The Supreme Court determined that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."), *Blakely v. Washington*, 542 U.S. 296 (2004) (invalidated a Washington State criminal sentence because the facts supporting a sentence enhancement were neither admitted by the defendant nor found by a jury in violation of the Sixth Amendment right to a jury trial), and *United States v. Booker*, 543 U.S. 220 (2005) (Extending the holding of *Blakely* to the United States Sentencing Guidelines, the Supreme Court held the mandatory nature of the federal sentencing guidelines rendered them incompatible with the Sixth Amendment guarantee to the right to a jury trial), Jones maintains he should be resentenced, under the now-advisory United States Sentencing Guidelines, because in his original sentencing the Court found he was a career offender and applied the attendant guideline enhancement under § 4B1.1 which was neither included in the indictment nor admitted by Jones.

  First, the Court observes that neither *Blakely* nor *Booker* offer Jones any relief as they were decided after his conviction and sentence became final and neither case is retroactively applicable on collateral review. In addition, Jones is not entitled to § 2255 relief on the basis of *Apprendi* either. Although *Apprendi* was decided prior to Jones' criminal proceeding, his case does not involve an *Apprendi* error. This is so because *Apprendi* does not apply to sentence-enhancement

7

provisions based upon prior criminal convictions. Therefore, the increase in Jones' sentence based on the determination that he was a career offender because of his prior convictions does not violate the ruling in *Apprendi*. As explained below, Jones has failed to establish that he was prejudiced by counsel's failure to object to the career enhancement because the Court did not sentence Jones in violation of the principles set forth in *Apprendi*. Therefore, Jones has failed to establish ineffective assistance of counsel.

On March 14, 2001, the United States Attorney's Office filed a notice of intent to use Jones' prior convictions to enhance punishment. Jones did not contest his prior convictions. Indeed, during his sentencing proceedings, Jones, through counsel, accepted and admitted his prior convictions [Sentencing Transcript, at 11]. Jones now claims the use of his prior convictions to enhance his sentence violates *Apprendi*. However, Jones is simply incorrect. The determination that a defendant is a career offender is based on the defendant's age, the nature of the underlying offense, and the fact of prior convictions. U.S.S.G. § 4B1.1. *Apprendi* specifically noted that the fact of a prior conviction is for the court to determine, not a jury. 530 U.S. at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt").

Jones does not contest the underlying nature of his offense, his prior convictions, or the Court's assessment of his age. Rather, he objects to the career offender enhancement only because the Court accepted the fact of his prior convictions and used these convictions to calculate his sentence. Because the Supreme Court in *Apprendi* specifically exempted prior convictions from Sixth Amendment protection, *i.e.*, explicitly excludes prior convictions from the requirement that any fact used to enhance a defendant's sentence beyond the prescribed maximum be proven beyond

8

a reasonable doubt, this claim fails as a matter of law. The fact that the Court enhanced Jones' sentence to reflect his career offender status, as evidenced by his prior convictions, does not violate the rule announced in *Apprendi*, *Blakely*, or *Booker* as the Supreme Court has continued to except such factfinding from the requirements of the Sixth Amendment. *See United States v. Bradley*, 400 F.3d 459, 462 (6th Cir.), (prior convictions need not be charged and proved before a jury) *cert. denied*, 126 S.Ct. 145 (2005); *also see United States v. Marseille*, 377 F.3d 1249, 1257-58 (11th Cir.) (recognizing that § 4B1.1 falls within the prior conviction exception), *cert. denied*, 543 U.S. 1013 (2004).

Consequently, the Court concludes Jones' collateral challenge to his career offender status does not warrant § 2255 relief.

### 2. *Drug Quantities*

Jones also complains that counsel failed to object to the government's failure to include the drug quantity in the indictment. Jones was tried and convicted by a jury. Each count in the indictment charged Jones with a violation of 21 U.S.C. § 842(b)(2)(C) for distribution of an indeterminate amount of crack cocaine except in the count pertaining to his arrest where he was charged for possession with intent to distribute an indeterminate amount of crack. Because Jones had prior felony drug convictions, the United States filed notice pursuant to 21 U.S.C. § 851 which subjected him to a statutory maximum of thirty years under 21 U.S.C. § 841 (b)(1)(C).

Although the government did not have a witness testify as to the quantity of the drugs involved in each transaction, during Jones' trial, the lab reports, reflecting the quantity of cocaine base for each count charged in the indictment, were introduced into evidence [Trial Transcript at 178]. The lab reports reflected the type and amounts of drugs Jones sold to the CI, which went

unchallenged by the defendant at trial. These lab reports identifying the type and amount of drugs involved in each transaction were uncontradicted. Therefore, the record supports a conclusion that the jury's finding of guilt on Counts Two through Fifteen including a finding, beyond a reasonable doubt, that Jones sold the specified type and quantity of drug identified in the lab report. In addition, Jones did not object to the quantity identified in the Presentence Report and his failure to object to those facts operates as an admission of those facts. *See United States v. Stafford*, 258 F.3d 465, 475-76 (6th Cir. 2001) (holding that defendant's failure to object to presentence report operates as an admission as to drug types and quantities set forth in presentence report), *cert. denied*, 535 U.S. 1006 (2002); *United States v. Harris*, 132 Fed.Appx. 46, 48-49 (6th Cir. 2005), (Table decision) *available in* 2005 WL 894581 (holding that defendant was deemed to have admitted that his crime involved three firearms where he failed to object to inclusion of this fact in the presentence report).

Moreover, Jones' sentence of 262 months is below the statutory maximum penalty of thirty years to which Jones was subject due to his prior convictions. Hence, there is no *Apprendi* error in the present case because Jones was sentenced within the confines identified in 21 U.S.C. § 841(b)(1)(C) for a person with prior drug convictions. The Sixth Circuit has held that *Apprendi* does not apply to sentences that do not exceed the maximum penalty authorized by statute. *United States v. Franco*, 484 F.3d 347, 356 (6th Cir. 2007) ("[W]e have held that *Apprendi* does not apply to sentences in excess of a particular Guidelines range; rather, so long as a sentence does not exceed maximum penalty authorized by *statute*, there is no *Apprendi* violation"). Jones' sentence does not exceed the maximum penalty authorized by statute, thus even assuming Jones' sentence was computed under the guidelines using a quantity of drugs not found by the jury, such is irrelevant under *Apprendi* so long as the resulting sentence is below the prescribed statutory maximum for the

conviction. *See United States v. Sexton*, 119 Fed.Appx. 735, 750 (6th Cir. 2005). Since Jones' sentence is not in excess of the statutory maximum and his actual sentence falls within the range prescribed by the statute for the crime of conviction, there is no *Apprendi* error. *Harris v. United States*, 536 U.S. 545, 565 (2002) ("Whether chosen by the judge or the legislature, the facts guiding judicial discretion below the statutory maximum need not be alleged in the indictment, submitted to the jury, or proved beyond a reasonable doubt. When a judge sentences the defendant to a mandatory minimum, no less than when the judge chooses a sentence within the range, the grand and petit juries already have found all the facts necessary to authorize the Government to impose the sentence. The judge may impose the minimum, the maximum, or any other sentence within the range without seeking further authorization from those juries-and without contradicting *Apprendi*").

Therefore, this argument is without merit and Jones has not demonstrated a reasonable probability that but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. Accordingly, he is not entitled to § 2255 relief on his *Apprendi* claim.

As previously explained in this memorandum opinion, to the extent that Jones claims the Court should grant him relief based upon *Blakely* and *Booker*, the Court declines this invitation as neither case is retroactively applicable on collateral review. Accordingly, relief on his *Blakely/Booker* claim will also be **DENIED**.

**V.     Conclusion**

For the reasons set forth above, the Court concludes Jones is not entitled to any relief under 28 U.S.C. § 2255 as his conviction and sentence are not in violation of the Constitution or laws of

the United States. A separate judgment will enter **DENYING** Jones' § 2255 motion [Court File No. 1].

An appropriate judgment will enter.


        */s/ R. Allan Edgar*
        R. ALLAN EDGAR
    UNITED STATES DISTRICT JUDGE